CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
These several appeals, substantially involving the same questions of law and fact, having been heard together, will be so determined.
The indictment against each of the defendants is for the “ offense of selling whisky, as a merchant, at his store-house without license,” a specification of each general charge being appropriately made.
From the evidence embodied in one of the transcripts, and by agreement made applicable to each of the other cases, it appears that the appellants were apothecaries and druggists in the town of Harrodsburg, of good character and standing in their business, and as such sold small quantities of whisky to particular individuals, who accompanied their applications for it with the prescriptions of reputable physicians, and who in good faith obtained it to be used in cases of sickness in their *570 families, and not as an ordinary beverage. It further appears that the appellants, in connection with their said business, dealt also in stationery, and such other articles of light or fancy trade as are commonly sold by druggists in this country. It also appears that the appellants were not licensed to sell spirituous liquors as merchants.
Upon these facts, proved in substance and effect, the appellants were tried, and under the instructions of the court were severally found guilty as charged in the indictments, and thereupon a judgment was rendered against each of them for a fine of sixty dollars. From those judgments these appeals were prosecuted.
It appears from the bill of exceptions that the appellants offered on the trials to prove by the judge of the county court that before the commission of the alleged offenses they had sought to obtain licenses to vend spirituous liquors, but their applications were refused because, as we infer, as druggists they were not required to obtain such licenses; and if they were merchants within the meaning of the general laws relating to them, the court was prohibited from granting them licenses by the special prohibitory act, relative to the town of Harrods-burg, of February 3, 1871.
The evidence so offered was rejected by the court, but we deem it unnecessary to decide whether the court erred in this ruling or not; for the indictment being obviously framed for a supposed violation of the seventh section ■ of article 4 of chapter 83 of the Revised Statutes, and there being no evidence upon which the appellants could have been convicted in these cases under any other law, the main question to be determined is as to the construction of so much of said statute as relates to merchants, and the correctness of the action of the court in instructing the jury with reference to it. That statute declares that “any merchant who shall sell spirituous liquors without having obtained a license therefor shall, on conviction, pay *571 sixty dollars.” And the court, in view of it, instructed the jury, in effect, that if the defendants sold whisky at their drug-stores in quantities less than a quart, and that they were merchants, the jury must find them guilty; and the fact that the whisky was sold for medicinal purposes alone, and upon the prescriptions of physicians, constituted ■ no defense to the indictments.
The word merchant in its most general and comprehensive sense will certainly embrace all who may be engaged in the purchase and sale of goods; and as an apothecary, regarded in the strictest sense of that word, is “ one who prepares and sells drugs for medicinal purposes,” and must necessarily be a trafficker in drugs, it would seem that he is in a certain sense a merchant, and more obviously so is an ordinary druggist, “ whose occupation is merely to buy and sell drugs.”
But looking to what must have been the intention of the legislature in enacting the statute under consideration, whether it was to make the common retail traffic in liquors a source of revenue only, or for reasons of public policy to limit and restrain it, we can not think that the legislature intended either to repress or lay a burden upon the harmless and' necessary sale of liquors for medicinal purposes by persons engaged in the occupation of apothecaries, whether that business be, as it usually is in this country, combined with a retail trade in drugs and fancy articles or not. But we are of the opinion that the intention of the legislature was to prevent the retail sale of intoxicating liquors by common merchants or dealers in merchandise, to be drunk or used simply as a beverage, unless such merchants should first obtain a license for that purpose ; a traffic which is often productive of crime and a detriment to society being thus restricted as well as rendered a source of revenue.
We deem it unnecessary to decide the grave question, presented in the argument of these cases, whether, as no license *572 could be granted for selling liquors in the town of Harrods-burg, even for the most beneficial medicinal purposes, the prohibition of such selling would not be an infringement of the constitutional right of private property.
But for errors of■ the court in instructing the jury, as already sufficiently indicated, the judgments are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.