## SMITHERS & HIGDON v. COMMONWEALTH.

**Criminal Law—Intoxicating Liquors—Sale by Druggists.**

> Compounds of medicines with alcoholic liquors, made in good faith as medicines for medical use and not as a device to avoid the law regulating or prohibiting the sale of liquors, are not prohibited by the law, and a druggist may make and sell them for use as medicine without violating the law.

### APPEAL FROM GRAYSON CIRCUIT COURT.

January 7, 1876.

OPINION BY JUDGE COFER:

The second instruction given by the court made the guilt of the defendants depend alone on the question whether they mixed ardent spirits with drugs and sold the compound to be drunk on or adjacent to the premises where sold. It is a fact of which courts may take judicial cognizance that many medicines made and sold as such and in good faith are compounded with alcoholic liquors. If such compounds are made and sold in good faith as a medicine, and not as a device to avoid the laws regulating or prohibiting the sale of liquors, the seller commits no offense. *Anderson v. Commonwealth,* 9 Bush 569. Whether the appellants were *bona fide* druggists and the article proven to have been sold by them was sold in good faith to be used as a medicine, or was compounded and sold in that form as a mere device for eluding the legal consequences of selling liquors in violation of law, should have been submitted to the jury by proper instructions.

If the appellants were not *bona fide* druggists, or intended what they sold to be used as a beverage, or knew that it was being so used by those to whom they sold it, they are guilty of a violation of law; but if they were such druggists, and in good faith believed the compound had useful medicinal properties, and sold it as medicine without intending to evade or violate the law, and sold it only to such persons as they believed desired it as a medicine, and not because it contained spirituous liquors, they should be acquitted. Any other rule would encroach upon the legitimate sphere of the druggist, and improperly interfere with the necessities of those who may be sick. No other error is perceived.

Wherefore the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*Robbins & Haynes, Conklin & McBeath, for appellants.*
*T. E. Moss, for appellee.*