CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
A merchant with license may sell at his store-house, to be taken off and drunk elsewhere than on his premises, or adjacent thereto, wine, spirituous liquors, or the mixture thereof, in any quantity not less than a quart. (Sec. 1, art. 2, ch. 106, General Statutes, p. 805.)
A merchant who shall sell liquors without license shall, on conviction, be fined sixty dollars. (Sec. 5, art. 3, ch. 92, Gen. Statutes, p. 716.)
The indictment in this case charges that the appellant was a licensed merchant, and that he sold liquors in quantities less than a quart. The facts stated do not constitute an offense under either of sections 3, 4, 5, 6, 7, or 8, of art. 35, chap. 29, General Statutes, as there is no averment that the liquor was sold to be drunk on or adjacent to the premises where sold, or that it was so drunk.
But as the license of the appellant did not authorize him to sell in quantities less than a quart, the facts stated show a case of a merchant selling liquors without a license to sell in the mode and by the quantity named in the indictment.
If he had taken out no license at all, this act of selling would have been clearly within the language of section 5, article 3, chapter 92, General Statutes, which provides, as we have already seen, that “Any tavern-keeper or merchant who shall sell spirituous liquors without having obtained a license therefor, shall, on conviction,.pay sixty .dollars.”
*352 The license does not protect him in selling in quantities less than a quart, nor docs it render innocent an act not covered by it, which otherwise would have been a violation of the penal laws of the commonwealth.
"We conclude, therefore, that the 'facts stated constitute a public offense.
On the trial the Commonwealth proved that the appellant was a merchant, and that on two occasions he sold liquors in quantities less than a quart to a person who applied to him with the prescription of a regular physician; that the purchases were made in good faith, and that the whisky so sold was used for medical purposes. On cross-examination, the Commonwealth’s witness proved that appellant kept an assortment of dry-goods and general merchandise, which were arranged on one side of his store-house, and on the other side he kept a u tolerably full assortment of drugs, such as are used generally in the country. That the,yalue of said drugs was equal to all the other goods in the house, and must have amounted to several hundred dollars in value; but that there were three or four barrels of whisky included. It did not consist solely of a few patent medicines.”
It was proved by other witnesses that the neighbors were in the habit of buying medicines from the appellant, and that two regular physicians bought all the drugs usually used by them at his house.
Upon this evidence the court instructed the jury that, if appellant was a merchant, and sold whisky in quantities less than a quart, they should find him guilty, unless they believed he was also a druggist, in good faith, and his business was that of compounding and selling drugs, and as such he sold by retail the liquor in question.
The objection to this instruction is, that it confines the business of an apothecary or retail druggist to one who actually compounds his medicines. The jury may have believed *353 ■that appellant, in good faith, retailed medicines and filled prescriptions as an apothecary, and yet, as he did not compound or manufacture the medicines made up of different ingredients, but purchased them from wholesale dealers, whose business it was to compound and manufacture, his acts of selling ■could not be regarded and treated as within the rule announced by this court in the case of Anderson v. Com’th (9 Bush, 569). 'This is a mistaken view of the law, and the objections of appellant to this instruction should have been sustained. ,
For the error in this regard the judgment is reversed, and cause remanded for a new trial upon principles consistent with this opinion.